# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VIVIAN PENALVER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 2:09-cv-00215-KJD-GWF

**ORDER**

    Currently before the Court is Plaintiff's Complaint for Social Security benefits Under Title XVI of the Social Security Act (#1), to which Defendant filed an Answer (#14). Additionally before the Court is Plaintiff's Motion for Remand (#17), and Defendant's Cross-Motion to Affirm and Opposition to Plaintiff's Motion to Remand (#22), to which Plaintiff filed a Reply (#24). On June 25, 2010, Magistrate Judge George W. Foley Jr. issued his Report and Recommendation (#28), recommending that Plaintiff's Motion for Remand of the denial of Social Security Benefits be denied in accordance with the underlying decision of the Administrative Law Judge ("ALJ"), and subsequent decision of the Appeals Council. The Report and Recommendation also recommended that Defendant's Cross-Motion to Affirm (#22) be granted. Plaintiff did not file an objection to the Magistrate Judge's Report and Recommendation.

The Court has considered the Complaint, Answer, Motion for Remand, Cross-Motion to Affirm, and Opposition, together with the Magistrate Judge's Report and Recommendation and issues its ruling jointly, herein.[1]

**A. Legal Standard**

Upon objection by a petitioner, a district judge must independently determine whether an ALJ's decision is free of legal error and is supported by substantial evidence. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). The Ninth Circuit has defined "substantial evidence" as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if the evidence is capable of more than one rational interpretation, the decision of the ALJ must be upheld." Orteza v. Shalala, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). "However, [the court] may not affirm simply by isolating a specific quantum of supporting evidence." Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). The ALJ is responsible for determining credibility, and for resolving ambiguities. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999).

**II. Analysis**

Although Plaintiff has failed to file any objections, a review of the record demonstrates that the Magistrate Judge's Report and Recommendation is proper, and accordingly, is accepted in whole. The Magistrate Judge found that the ALJ appropriately applied the legal standard under 20 C.F.R. § 404.1529(d)(3) for determining at step three if the medical evidence demonstrated that Plaintiff's condition equaled a listed impairment. Specifically, the ALJ applied the proper legal standard by not substituting Plaintiff's subjective symptoms for missing objective laboratory findings to raise the

---

[1] According to Local Rule IB 3-2, the district judge makes a *de novo* determination of those portions of the specified findings and recommendations to which objections have been made. In this case, however, no objections have been made.

severity of her impairments to that of a listed impairment. Additionally, the Court finds that the Magistrate Judge properly found that the ALJ had substantial evidence to support his step five decision, and that the ALJ properly assessed the degree to which Plaintiff's specific mental limitations impair her ability to perform basic work activities. The Magistrate Judge also properly found that Social Security Ruling 85-15 has no application to Plaintiff because she claims both exertional and nonexertional impairments, and that the ALJ's detailed mental residual functional capacity assessment of Penalver's limited ability to perform work tasks and work in specific situations was proper. Additionally, the ALJ appropriately posed a hypothetical to the vocational expert with regard to Plaintiff's specific mental limitations. Moreover, the Court upholds the ALJ's credibility determination. The ALJ stated clear and convincing reasons for finding that Plaintiff's subjective complaints were not credible to the extent that they did not fit with the ALJ's residual functional capacity assessment.

Accordingly, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (#28) is upheld in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (#17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion to Affirm (#22) is **GRANTED**.

DATED this 10th day of August 2010.

_____
Kent J. Dawson
United States District Judge